■ PARKVIEW HOLDING CORP. et al., Appellants, v. ROGER STARR, as Acting Administrator of the Housing and Development Administration, et al., Respondents; ROBB COHEN, Individually and on Behalf of All Other Tenants Similarly Situated and as President of the Forest Hills South Tenants' Association, Intervenor-Respondent.— In an action for a declaratory judgment and injunctive relief, plaintiffs appeal from an order of the Supreme Court, Queens County, dated September 4, 1974, which denied their motion for a preliminary injunction and granted cross motions of the defendants and of the defendant-intervenor for summary judgment dismissing the complaint. Order modified, on the law, (1) by striking therefrom the second and third decretal paragraphs thereof, which granted the cross motions, and substituting therefor a provision denying the cross motions and (2) by adding thereto a provision that the action is deemed converted into a proceeding pursuant to article 78 of the CPLR and that final judgment is granted to petitioners (plaintiffs) directing respondents (defendants) to render a determination on petitioners' applications within 30 days after entry of the order to be made hereon. As so modified, order affirmed, without costs. Plaintiff landlords' applications to transfer electrical service from a rent inclusion basis to a direct payment basis in accordance with the existing schedule for rent decreases were admittedly filed in November, 1973. The respondent city officials have delayed their determination pending approval by the State Rent Commissioner of a revised schedule of decreases, as mandated by statute (L. 1971, ch. 1012). On the record, a proceeding under article 78 of the CPLR in the nature of mandamus is the appropriate remedy. Administrative officials may not refuse to make whatever determination they consider appropriate on plaintiffs' applications within a reasonable time (cf. *Matter of Island Improvements* v. *May*, 231 App. Div. 837). Hopkins, Acting P. J., Martuscello, Brennan, Benjamin and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM JACKSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 28, 1973, convicting him of arson in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although, in the circumstances at bar, it was error to admit the People's expert evidence that three fires attributed to defendant were incendiary in origin (*People* v. *Grutz*, 212 N. Y. 72), the error was insubstantial, for the uncontradicted proof showed that each of the virtually simultaneous fires in two bedrooms and in the basement of the dwelling in question had been caused by the use of a flammable liquid, that each fire had an origin independent of the others and that defendant had confessed to the setting of the fires. Cohalan, Acting P. J., Christ, Brennan, Benjamin and Shapiro, JJ., concur.