■ In the Matter of PARKVIEW HOLDING CORP. et al., Appellants, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to modify its determination which authorized the conversion of electrical service in petitioners' buildings from a rent inclusion basis to a direct payment basis upon their compliance with certain conditions, petitioners appeal from a judgment of the Supreme Court, Queens County, dated September 14, 1976, which denied their application and dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted to the extent of deleting from the determination (1) the rent reduction with respect to all tenants who agreed by written lease that no such reduction would be forthcoming and (2) the requirement that additional electrical outlets be installed, and matter remitted to the respondent board for further proceedings not inconsistent herewith. Our decisions in *Parkview Holding Corp. v Starr* (47 AD2d 639) and *Matter of Parkview Holding Corp. v Joy* (58 AD2d 865) determined that the conversion of electrical service to a direct payment basis in petitioners-appellants' buildings, first applied for in November, 1973, was unreasonably delayed by the Queens District Office of the Office of Rent Control. On July 1, 1974, during this delay, petitioners' decontrolled tenants became subject to the jurisdiction of the respondent; when petitioners thereafter applied to the respondent to convert the apartments of their decontrolled (now rent stabilized) tenants, the board granted their application, but conditioned its permission, *inter alia,* upon petitioners' acceptance of a fixed rent reduction schedule. Permission to convert as to petitioners' rent controlled tenants had already been granted by the Office of Rent Control, albeit tardily, on March 27, 1975 (see *Matter of Parkview Holding Corp. v Joy, supra,* p 866); had it been granted in a timely fashion, it is clear that the conversion of service would have been accomplished prior to July 1, 1974, the date respondent acquired jurisdiction over the previously unregulated, decontrolled apartments. In *Matter of Amsterdam-Manhattan Assoc. v Joy* (42 NY2d 941, 942) the Court of Appeals held, with respect to a similar delay by the Office of Rent Control in processing like applications for "electrical exclusion decrease orders", that: "It is offensive to one's sense of fairness for these landlords, having timely filed the necessary applications and engaged in a completely proper course of conduct under the pre-existing

regulation, to be denied the benefit of the regulation then extant. Under the facts of these cases, the petitioners were entitled to reasonably prompt processing of their applications. The agency's arbitrary decision to impose a moratorium on applications of this nature until it had prepared and promulgated a new regulation should not work to the detriment of these petitioners (see *Matter of Pokoik v Silsdorf,* 40 NY2d 769, 773; *Matter of Parkchester Apts. Co. v Lefkowitz,* 51 AD2d 277, 281, affd 41 NY2d 987). Even in the absence of bad faith administrative procrastination of this magnitude, be it negligent or willful, without excuse or justification, affords a basis for applying the pre-existing regulation to the applications (see *Matter of Our Lady of Good Counsel R. C. Church & School v Ball,* 45 AD2d 66, affd 38 NY2d 780; cf. 1 Anderson, NY Zoning Law and Practice, § 6.17, p 196)." The application of similar considerations here compels the conclusion that petitioners were entitled to complete the conversion as to their decontrolled tenants based on the law as it existed on June 10, 1974, the date on which petitioners commenced suit against the Office of Rent Control to compel a decision, and the outside date by which that agency should have acted upon their application as determined by this court in *Matter of Parkview Holding Corp. v Joy (supra).* Accordingly, the determination of the respondent must be vacated and annulled insofar as it purports to condition conversion upon acceptance of an across-the-board rent reduction schedule and the installation of additional electrical outlets, neither of which could have been required of the petitioners as of June 10, 1974. The question of the appropriate rent reduction to be accorded those decontrolled tenants who are entitled to such decreases in accordance with their leases cannot be determined on the record before us. As to these tenants, the matter must therefore be remitted to the Conciliation and Appeals Board for the promulgation of an appropriate rent reduction schedule reflecting the rental value of the cost of electricity between November, 1973 and June 10, 1974 (see *Matter of Parkview Holding Corp. v Joy, supra,* p 867). Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.