In the Matter of PARKVIEW HOLDING CORP. et al., Appellants, v DANIEL W. JOY, as Commissioner of the Office of Rent Control of the City of New York, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioner of the Office of Rent Control, in approving petitioners' applications for conversion of their apartment units to individual electric meters, to apply a rent reduction schedule promulgated in 1968, petitioners appeal from a judgment of the Supreme Court, Queens County, dated March 23, 1978, which, *inter alia,* remitted the matter to respondent for recalculation of the rental value of electrical service in accordance with respondent's memorandum dated September 15, 1977. Judgment affirmed, with costs. This court has twice before had occasion to address the propriety

of rent reductions requested by petitioners (see *Parkview Holding Corp. v Starr*, 47 AD2d 639; *Matter of Parkview Holding Corp. v Joy*, 58 AD2d 865). Our most recent decision in *Parkview Holding Corp. v Joy (supra*, p 867) directed a remand of this proceeding solely to determine if the 1975 revised rent schedule utilized by respondent in his calculations reflected the rental value of electrical service between November, 1973 and June, 1974. Assuming an affirmative answer to this question, we held that use of the 1975 schedule was proper. Special Term has determined that the 1975 schedule, as recalculated by respondent, comports with our remand order. Petitioners do not contest this determination. Rather, they argue that respondent's 1975 schedule is defective because of his failure to utilize figures from the former 1968 schedule in his calculations. This court has previously determined the propriety of respondent using the 1975 schedule. Petitioners therefore may not now attack its applicability. Moreover, this court must sustain the rent reduction schedule as promulgated by the respondent unless it is shown that such determination was bereft of any rational basis, or was arbitrary or capricious (see *Matter of Colton v Berman*, 21 NY2d 322, 329). Petitioners make no allegation to this effect. Thus, the respondent's schedule of rent reductions must be sustained. Martuscello, J. P., Latham, Damiani and Titone, JJ., concur.