OPINION OF THE COURT
Rockwell D. Colaneri, J.
The defendant is the owner of a bar/restaurant known as Avenues Night Club located in Rocky Point, Town of Brookhaven, County of Suffolk, New York. On June 26, 1992 the defendant was served with eight appearance tickets each of which alleged a violation of the Brookhaven Town Code (hereinafter BTC). The alleged violations are all related to the activity of bungee jumping. A nonjury trial was held and the court reserved decision.
The defendant had a crane brought onto the outdoor area of the property on which the night club was situated. Attached to the crane lift was a partially enclosed platform. A participant paid a fee to the operator, was secured to the platform by a bungee-type cord, then was lifted to a designed height from which a jump was made above a designated area. The defendant was issued the appearance tickets after several patrons had performed bungee jumps. The court shall now consider each of the charges.
*293 Count one alleges that the defendant failed to obtain a site plan review and approval for the bungee jumping as mandated by BTC § 85-45 (A). Said ordinance provides in pertinent part: "Site plan review and approval is required in all zoning districts for all buildings and structures or land use and/or for all alterations or changes in use thereto, except for the following * * * and the exceptions set forth in § 85-48 (B).” In the court’s opinion the People failed to prove that the crane from which the bungee jumps were made falls within the definitions of either a building, structure or use as such terms are defined in BTC § 85-1, hence, a site plan review and approval was not necessary therefor. Moreover, no testimony was proffered by the People that the crane did not fall within the exceptions set forth in BTC § 85-48 (B).
Counts two, three, four and six all charge violations under BTC chapter 4, entitled "Amusements”. An amusement is defined in BTC § 4-2 as follows: "Any form of entertainment open to the public and generally conducted in the outdoors with the presence of tents, booths or temporary structures erected for such purpose or any combination of the foregoing, including but not limited to the following forms of entertainment commonly known as 'carnivals,’ 'circuses,’ 'fairs,’ 'bazaars,’ 'menageries’ or 'sideshows’. Such forms of entertainment are deemed to be generally characterized by the presence of any of the following activities or any combination of activities thereof: mechanical rides, exhibitions of skill, animal exhibitions, games of skill or games of chance where otherwise permitted by local regulation.” In the court’s opinion the instant activity of bungee jumping does not fall within the definition of an amusement. An amusement is generally characterized by the presence of multiple activities with more than one booth, tent or structure. Contrarily, bungee jumping, as described herein, entails a singular activity. It would appear that bungee jumping more properly falls within the definition of an "amusement device” as promulgated under BTC § 34A-2. Therefore, the defendant was not mandated to obtain the various permits under BTC §§4-4, 4-8 or 4-15 for which he is charged.
Count five alleges that the defendant failed to obtain a special use permit as required under BTC § 85-213 (c) (3). Said ordinance prohibits the use of property zoned as J Business 2 District as a place of amusement without a special permit. However, as previously determined by this court, bungee *294 jumping is not an amusement, hence, a special permit therefor was not required.
Count seven alleges a violation of BTC § 85-375 in that the defendant allowed the premises to be used for purposes detrimental to public safety. It is the court’s opinion that the People failed to prove that the activity of bungee jumping, as described herein and conducted on defendant’s property, was detrimental to the safety of the public.
Finally, count eight alleges a violation of BTC § 50-6 in that the defendant allowed a motor vehicle to operate for a period of longer than three minutes in any hour while the vehicle is stationary. The ordinance prohibits such operation on a public right-of-way or public space within 150 feet of a residential area for reasons other than traffic congestion or emergency work. The accusatory instrument does not allege and the People did not prove that the crane as used for the bungee jumps was operated on a public right-of-way or public space within 150 feet of a residential area. Such are necessary elements of the offense charged.
Accordingly, the court finds the defendant not guilty on all counts.