■ In the Matter of CHRYSLER REALTY CORPORATION, Appellant, v HOWARD ORNECK et al., Respondents. [601 NYS2d 194] —In a proceeding pursuant to CPLR article 78 to review a determination dated September 27, 1990, which held that, pursuant to Town of Yorktown Zoning Code § 90-65, the petitioner lessee of property in the C-3 District must meet certain requirements before establishing a new automobile dealership, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered April 9, 1991, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination of the Zoning Board of Appeals of the Town of Yorktown is annulled, and it is declared that the petitioner does not have to comply with the requirements of Town of Yorktown Zoning Code § 90-65 for site plan approval for property in the C-3 District.

The petitioner Chrysler Realty Corporation is a lessee of certain real property in the Town of Yorktown, which is located in the Town's C-3 or "Highway Commercial District". The petitioner sought site plan approval for a new automobile dealership to be located on the property, but was advised by the Building Inspector and the Town Attorney that the requirements of Town of Yorktown Zoning Code § 90-65, which are generally applicable in a C-2 District, were also applicable in the C-3 District. Accordingly, the petitioner sought a con-

trary interpretation from the Zoning Board of Appeals of the Town of Yorktown (hereinafter the Board). However, by determination dated September 27, 1990, the Board upheld the determination of the Building Inspector that section 90-65 applied in a C-3 District. The petitioner then instituted the instant proceeding to challenge the Board's determination. In a judgment entered April 9, 1991, the Supreme Court upheld the Board's determination and dismissed the proceeding.

Although it is true that the interpretation of a zoning ordinance by a zoning board is entitled to deference *(see, Matter of Willow Wood Rifle & Pistol Club v Town of Carmel Zoning Bd. of Appeals,* 115 AD2d 742, 744; *see also, Matter of Bockis v Kayser,* 112 AD2d 222, 223), it is equally true that the zoning board's interpretation of the ordinance is "not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court" *(Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289, 296; *see also, Matter of Mandel v Nusbaum,* 138 AD2d 597, 598). Thus, a zoning board's interpretation of the ordinance that it administers will be annulled where that interpretation is irrational or unreasonable *(see, Matter of Frishman v Schmidt,* 61 NY2d 823, 825; *Taylor v Foley,* 122 AD2d 205, 207). In the instant case, we find that the Board's interpretation of section 90-65 was irrational and unreasonable.

The permitted uses as a matter of right in a C-3 "Highway Commercial" District are set forth in Town of Yorktown Zoning Code § 90-19B. These uses include the following: "2. Same special uses as for the C-2 District, except that no special permit need be obtained for any such use". In the C-2 District, "new car automobile sales [facilities] as provided in Section 90-65" are special uses requiring a special use permit. Town of Yorktown Zoning Code § 90-65 further provides: "The Town Board, upon application, may permit the use of a site for new car automobile sales" in a C-2 District provided certain requirements are met. It is important to note that Town of Yorktown Zoning Code § 90-65 (A) expressly states that "[t]he purpose of this regulation is to allow, by special permit of the Town Board, new-car automobile sales facilities plus related accessory facilities in C-2 Local Retail Business Districts where such districts are properly related to major highways and have more than local retail service areas".

Construing the ordinance strictly against the Town *(see, Matter of Bayswater Health Related Facility v Karagheuzoff,* 37 NY2d 408, 414; *Matter of Barkus v Kern,* 160 AD2d 694, 696), and according the words used their ordinary meaning

*(see, Matter of Elm St. Assocs. v Sniado,* 159 AD2d 570, 571), it is clear that section 90-65 is applicable solely to applications for special use permits in the C-2 District. Indeed, as noted above, the Zoning Code specifically states that its purpose is only to provide that new car dealerships in a C-2 District must be by special permit. There is nothing in the language of section 90-65 which can be construed as intending to cover dealerships in the C-3 District where the petitioner's property is located. Moreover, since new car dealerships are permitted as of right in a C-3 District and "no special permit need be obtained for any such use" and since section 90-65 has reference only to special permit applications in the C-2 District, it is clear that section 90-65 has no applicability to the C-3 District under any reasonable interpretation of the Zoning Code.

Accordingly, the determination of the Board must be annulled. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.