■ In the Matter of KMO-361 REALTY ASSOCIATES, Respondent, v MARY J. DAVIES et al., Appellants, and FIFTH AVENUE OF LONG ISLAND REALTY ASSOCIATES, Intervenor-Respondent-Appellant. [611 NYS2d 660] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning and Appeals of the Town of North Hempstead, dated November 18, 1992, which, *inter alia,* rescinded a building permit, the appeal is from so much of a judgment of the Supreme Court, Nassau County (Kutner, J.), entered May 25, 1993, as annulled the determination and reinstated the building permit.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable by the intervenor-respondent-appellant.

Although the interpretation of a zoning regulation by a zoning board is entitled to deference, the zoning board's interpretation of a regulation is subject to judicial review, and the ultimate responsibility of interpreting the law is that of the court *(see, Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631, 632; *Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289). Thus, where the interpretation of a regulation is irrational or unreasonable, a zoning board's determination will be annulled *(see, Matter of Frishman v Schmidt,* 61 NY2d 823, 825; *Matter of Chrysler Realty Corp. v Orneck, supra,* at 632). In 1975, the Board of Zoning and

Appeals of the Town of North Hempstead (hereinafter the Board) granted the petitioner's predecessor-in-title a variance "permitting the repair, re-surfacing and maintenance of the off-street areas and parking spaces *of the dimensions as shown* on Drawing No. 805 submitted with the application" (emphasis supplied), and in 1976 the Board granted the application "permitting encroachment of parking spaces into the front yard setback area 'AND MAINTENANCE OF EXISTING LAND-SCAPED AREA IN REAR YARD' as shown on * * * Drawing No. 805" (emphasis in original). We agree with the Supreme Court, which found that neither determination was expressly conditioned upon the property owner maintaining a specific number of parking spaces or a specific parking configuration, and properly declined to infer such a condition. Zoning regulations are in derogation of the common law and must be strictly construed against the municipality. Thus, any ambiguity in the language used in zoning regulations must be resolved in favor of the property owner *(see, Matter of Allen v Adami,* 39 NY2d 275, 277; *Matter of Hess Realty Corp. v Planning Commn.,* 198 AD2d 588; *Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631, 632-633, *supra; Matter of Barkus v Kern,* 160 AD2d 694, 695-696). Contrary to the contention of the intervenor-respondent Fifth Avenue of Long Island Realty Associates, we find that no inference can logically be drawn from the language of the variances granted that they were conditioned upon strict adherence to all aspects of the site plan submitted at that time and could not be modified unless approval was first obtained from the Board. If the Board intended to condition either variance on the maintenance of a certain number of spaces in a certain location, it could have done so in its determinations. Zoning regulations may not be extended by implication *(see, Matter of Chrysler Realty Corp. v Orneck, supra,* at 633; *Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289, 296-297, *supra; cf., Matter of Town of Sullivan v Strauss,* 171 AD2d 980, 981). Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.