■ In the Matter of AMERICO TALLINI, Respondent, v HENRY W. ROSE et al., Appellants. [617 NYS2d 34] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Hempstead, dated March 4, 1992, which denied the petitioner's application for a variance, the Zoning Board of Appeals of the Town of Hempstead appeals from so much of an judgment of the Supreme Court, Nassau County (McCabe, J.), dated January 14, 1993, as directed that a building permit be issued to the petitioner.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Although the interpretation of a zoning ordinance by a zoning board is entitled to deference, its interpretation is "not

entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court" *(Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289, 296; *see also, Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631). Thus, where the interpretation of a zoning ordinance is irrational or unreasonable, a zoning board's determination will be annulled *(see, Matter of KMO-361 Realty Assocs. v Davies,* 204 AD2d 547).

The Supreme Court properly determined that the Zoning Board of Appeals unreasonably interpreted the Town Code to require that the building constructed on the petitioner's lot must be set back 10 feet from the line which divides the portion of the property which is zoned for business from the portion of the property which is zoned residence "C". The petitioner owns an irregularly-shaped corner lot which is located primarily in an area zoned for business, although a small portion of the lot is located in an area zoned residence "C". Town of Hempstead Code, article XVI, § 203, requires that buildings in the business district provide a 10-foot rear yard setback from the lot line. "Rear yard" is defined in Town of Hempstead Code, article I, § 1 as an open space which runs along the rear yard of the lot.

The petitioner partially constructed a building on his lot. The rear wall of the building sits along the zoning line that divides the lot into business and residential districts. The entire structure lies within the business district and the building is set back at least 10 feet from the lot line. Because the structure comports with the plain language of the Town Code, the Supreme Court properly determined that the appellant unreasonably interpreted the Town Code to require that the building must be set back 10 feet from the zoning line. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.