■ Yossi Geisinsky et al., Respondents, v Village of Kings Point et al., Appellants. [640 NYS2d 212] —In an action, *inter alia,* for a judgment declaring Kings Point Village Code § 161-8 inapplicable to a tent erected temporarily for Yom Kippur services, the defendants appeal, as limited by their brief, (1) from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (DiNoto, J.), entered February 8, 1995, which, *inter alia,* declared that the ordinance was inapplicable and that the defendants violated 42 USC § 2000bb *et seq.,* and (2) from so much of an order of the same court, entered June 8, 1995, as, upon reargument, adhered to the original determination and held that the plaintiffs were entitled to attorneys' fees pursuant to 42 USC §§ 1988 and 2000bb *et seq.*

Ordered that the appeal from the order and judgment entered February 8, 1995, is dismissed, as that order and judg-

ment was superseded by the order entered June 8, 1995, made upon reargument; and it is further,

Ordered that the order entered June 8, 1995, is modified, on the law, by (1) deleting the provision thereof which adhered to the original determination in the order and judgment entered February 8, 1995, that the defendants violated 42 USC § 2000bb *et seq.,* known as the Religious Freedom Restoration Act of 1993, and substituting therefor a provision declaring that the defendants did not violate that act, and (2) deleting the provision thereof which held that the plaintiffs were entitled to attorneys' fees, and substituting therefor a provision denying the plaintiffs' application for attorneys' fees; as so modified, the order dated June 8, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Contrary to the contentions of the defendants (hereinafter the Village), a tent temporarily erected on the subject property, in order to protect worshippers gathered in observance of Yom Kippur on one discrete occasion, is not a "house[ ] of worship" within the meaning of Kings Point Village Code § 161-8. Although such temporary structures are subject to municipal regulation (*see generally, People v Graham,* 156 Misc 2d 291), the regulations must be strictly construed against the municipality seeking to enforce them because they are in derogation of the common law, and any ambiguity in the language must be resolved in favor of the property owner (*see, Matter of Allen v Adami,* 39 NY2d 275, 277).

Kings Point Village Code § 161-8 does not define "house[ ] of worship", but a consideration of the ordinary meaning of the term (*see, Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631, 632) denotes a building or place within a building (*see, Jehovah's Witnesses Assembly Halls v City of Jersey City,* 597 F Supp 972, 975; Black's Law Dictionary 739 [6th ed 1990]; *see also, Whealon v United States,* 191 F Supp 945, 948). Further, Kings Point Village Code § 161-8 imposes requirements for front, rear, and side-yard set backs as well as an "effective screening buffer" with vegetation, suitable for a permanent structure, but not for a temporary structure which would only remain standing for a matter of days. Because the tent does not fall within the meaning of a house of worship, the Supreme Court properly concluded that the Village ordinance was not applicable here.

However, the plaintiffs failed to establish that the Village "substantially" burdened the plaintiffs' free exercise of religion so as to give rise to an award of counsel fees (42 USC § 2000bb-

1 [a]). Village officials informed the plaintiffs in writing that if the plaintiffs proceeded with their plans to hold Yom Kippur services without a special permit, they would be in violation of the Village Code, and informed the plaintiffs that they would "hope and expect" that the plaintiffs would not violate the Village Code. However, the Village took no affirmative enforcement action to stop the planned Yom Kippur services (*cf., Western Presbyt. Church v Board of Zoning Adj.*, 862 F Supp 538), nor did they suggest that there was a complete ban on such services (*see, Jesus Ctr. v LC Farmington Hills Zoning Bd. of Appeals,* 215 Mich App 54, 544 NW2d 698). Accordingly, it is declared that the Village did not violate 42 USC § 2000bb, and the plaintiffs' application for attorneys' fees is, therefore, denied. Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.