■ In the Matter of NORTH WHITE AUTO, INC., Respondent, v JOHN CLEM et al., Appellants. [654 NYS2d 64] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of North Castle, dated October 6, 1994, which, after a hearing, denied the petitioner's application for a use variance, the appeal is from a judgment of the Supreme Court, Westchester County (Barone, J.), entered March 10, 1995, which granted the petition and declared the Board's determination to be null and void.

Ordered that the judgment is affirmed, without costs or disbursements.

Although a zoning board's interpretation of a zoning ordinance is entitled to deference, its interpretation is " 'not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court' " (*Matter of Tallini v Rose,* 208 AD2d 546-547, quoting *Matter of Exxon Corp. v Board of Stds. & Appeals,* 128 AD2d 289, 296; *see also, Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631).

As the Supreme Court observed, the interpretation of the Zoning Board of Appeals of the Town of North Castle of the zoning ordinance's reference to automobile repair work as excluding auto body work would have prohibited an auto body shop in an industrial zone, while such a use would be permitted in the more restrictive general business zone (*see,* Town of North Castle Zoning Code §§ 213-20 [Schedule of Business District Regulations], 213-21 [Schedule of Office and Industrial District Regulations, Part 2]). Because any ambiguity in zoning regulations must be resolved in favor of the property owner (*see, Matter of Allen v Adami,* 39 NY2d 275, 277; *Matter of Chrysler Realty Corp. v Orneck, supra,* at 632-633; *Matter of Barkus v Kern,* 160 AD2d 694, 695-696), the court's rejection of the board's interpretation was proper under the circumstances.

We have considered the appellants' remaining contentions, and find them to be without merit. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.