■ In the Matter of D. STANISLAUS HOGG et al., Appellants, v JOSEPH CIANCIULLI et al., Respondents, and ST. JOHN'S RIVERSIDE HOSPITAL, Intervenor-Respondent. [668 NYS2d 712] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of Yonkers dated November 9, 1995, granting, after a public hearing, the application of St. John's Riverside Hospital to extend a nonconforming use, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated August 13, 1996, which confirmed the determination, denied the petition, and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents and the intervenor-respondents appearing separately and filing separate briefs.

It is well settled that judicial review of a determination of a zoning board is limited to an examination of whether the determination has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley*, 45 NY2d 441; *Matter of New Venture Realty v Fennell*, 210 AD2d 412). The courts may not weigh the evidence or reject the choice made by the zoning board "where the evidence is conflicting and room for choice exists" (*Matter of Stork Rest. v Boland*, 282 NY 256, 267; *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 424).

Contrary to the petitioners' contention, substantial evidence exists to support the determination of the Zoning Board of Appeals of the City of Yonkers that the extension of the nonconforming use to the undeveloped portion of property owned by the intervenor St. John's Riverside Hospital was "arranged or designed for" prior to the enactment of the change in the zoning ordinance. In addition, since the ordinance does not define "arranged or designed", any ambiguity in the language of the zoning ordinance must be resolved in favor of the property

owner (*see, Matter of Allen v Adami,* 39 NY2d 275; *Matter of KMO-361 Realty Assocs. v Davies,* 204 AD2d 547; *United Citizens v Zoning Bd. of Appeals,* 109 Misc 2d 1080).

Finally, we have not considered material which was submitted but is dehors the administrative record (*see, Matter of Barretto v Zoning Bd. of Appeals,* 123 AD2d 692). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.