■ In the Matter of TARTAN OIL CORP., Appellant, v ROGER H. BOHRER et al., Respondents. [671 NYS2d 515] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Huntington, dated November 17, 1994, which, after a hearing, denied the petitioner's application for a Certificate of Occupancy to change the nonconforming use of its property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Newmark, J.), dated February 3, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination of the Zoning Board of Appeals of the Town of Huntington is annulled, and the matter is remitted to the Zoning Board of Appeals of the Town of Huntington to issue an appropriate Certificate of Occupancy to the petitioner.

The petitioner applied to the respondent Zoning Board of Appeals of the Town of Huntington (hereinafter the Board) for approval to use part of its gas station as a retail convenience store. Under the applicable zoning code, the gas station is a prior nonconforming use, and a retail store would be a conforming use in this general business district (see, Town of Huntington Code § 198-27). After a public hearing, the Board, applying the standard set forth in Town of Huntington Code § 198-104 regarding change of use, denied the application. The Supreme Court denied the petition to review the determination and dismissed the proceeding. We reverse.

The denial of the petitioner's application by the Board was irrational and not supported by substantial evidence (see, Human Dev. Servs. v Zoning Bd. of Appeals, 67 NY2d 702). There was no evidence to support the Board's finding that the proposed change would result in traffic congestion such that the combined gas station/convenience store would be a more intensive use within the meaning of Town of Huntington Code § 198-104. Further, since the zoning code expressly permits "any retail sales establishment" in that district (Town of Huntington Code § 198-27), the Board was constrained by logic to conclude that the convenience store would be "more in character with uses permitted in that district" (Town of Huntington Code § 198-104).

It is well established that zoning codes, being in derogation of the common law, must be strictly construed against the enacting municipality (see, Matter of Allen v Adami, 39 NY2d 275; Matter of North White Auto v Clem, 229 AD2d 393). Contrary to the Board's conclusion, we find nothing in the zoning code to preclude combined conforming and nonconforming uses of the same property, or even to require Board approval for a change in use from a nonconforming to a conforming use. A zoning board's interpretation of a zoning code is "not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court" (Matter of Exxon Corp. v Board of Stds. & Appeals, 128 AD2d 289, 296). Thus, where, as here, the interpretation of a zoning code is irrational or unreasonable, a zoning board's determination will be annulled (see, Matter of KMO-361 Realty Assocs. v Davies, 204 AD2d 547).

There is no merit to the petitioner's contention that the convenience store is permissible as an accessory use of the gas station. Town of Huntington Code § 198-32 (A) limits the retail activity of an automotive service station to the sale of "gasoline, oils, grease, and other petroleum products related to the

*servicing of motor vehicles*" [emphasis added]. Moreover, Town of Huntington Code § 198-2 (B) defines "accessory use" as "a use which is *clearly incidental to or customarily found* in connection with and subordinate to the principal use of the premises" (emphasis added). While the argument can be made that it has become customary for gas stations to include convenience stores, the Town of Huntington Code clearly precludes it (*cf., Matter of Exxon Corp. v Board of Stds. & Appeals, supra*). Nonetheless, we reverse the Supreme Court's order and grant the petition for the reasons stated herein. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.