■ CHARLES WARSHAW et al., Appellants, v TOWN OF HUNTINGTON et al., Respondents. [677 NYS2d 623] —In an action for a judgment declaring, *inter alia*, that Town of Huntington Code § 87-81 requires that a swimming pool be enclosed by a fence erected by the owner of the pool entirely on his or her property, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Seidell, J.), entered August 13, 1997, which, upon denying their motion for summary judgment and granting the defendants' cross motion for summary judgment, dismissed the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and it is declared that Town of Huntington Code § 87-81 does not permit a swimming pool owner to satisfy the requirements for pool area enclosure by utilizing a fence or a portion of a fence located entirely on the property of an adjoining property owner.

The plaintiffs reside in the Town of Huntington. The

defendants issued a permit to the adjacent property owners for the construction of an in-ground swimming pool. With respect to the construction of pools, Town of Huntington Code § 87-81 provides: "All pools shall be completely enclosed by a fence and all fence openings or points of entry into the pool area enclosure shall be equipped with gates. The fence and gates shall be not less than four (4) feet in height above the grade level and shall be constructed of any material which has no aperture or opening exceeding six (6) inches at any point".

The plaintiffs' neighbors erected a fence around three sides of their pool and, without the consent of the plaintiffs, used a portion of the plaintiffs' existing fence, which is located entirely on the plaintiffs' property, to complete the enclosure. In response to the plaintiffs' complaints, the defendants concluded that the Code simply required a fence and that the ownership of the fence was irrelevant. The plaintiffs then commenced this action seeking a declaration that Town of Huntington Code § 87-81 requires that a pool be completely enclosed by a fence erected by the pool owner on the pool owner's property. The Supreme Court denied the plaintiffs' motion for summary judgment and granted the defendants' cross motion for summary judgment. We reverse.

The construction given a legislative enactment by the agency responsible for its administration will be upheld if not irrational or unreasonable (*see, Matter of Chrysler Realty Corp. v Orneck*, 196 AD2d 631, 632; *Matter of Gaona v Town of Huntington Zoning Bd. of Appeals*, 106 AD2d 638, 640). We find that the defendants' interpretation of Town of Huntington Code § 87-81 is irrational and unreasonable as applicable to situations such as that presented here.

The Town Code imposes requirements which must be satisfied by the pool owner. By permitting the pool owners in this case to utilize a portion of the plaintiffs' fence, the defendants have improperly shifted part of the responsibility for pool ownership to the plaintiffs, thereby exposing them to liability in the event that they remove their fence or it falls into disrepair. While the Town apparently would not charge the plaintiffs with a violation of the Code in such a situation, the plaintiffs might be subject to liability if someone were to be injured after gaining access to the pool because their fence had been removed or was in need of repair.

We note, however, that the declaration sought by the plaintiffs was overly broad. The only issue presented in this case is whether the defendants' determination that the Town Code permits a pool owner to utilize a fence or a portion of a

fence located entirely on adjoining property should be upheld. As conceded by the plaintiffs, the issue of whether a fence on a common property line could be utilized is not before us. Consequently, we conclude only that Town of Huntington Code § 87-81 does not permit a swimming pool owner to utilize a fence located entirely on the property of an adjoining property owner. Miller, J. P., Altman, McGinity and Luciano, JJ., concur.