■ In the Matter of E & B REALTY, INC., Respondent, v ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF ROSLYN, Appellant. [713 NYS2d 744] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Roslyn dated October 5, 1998, which, *inter alia,* denied the petitioner's application to confirm the use of its property for automotive repairs as a legal nonconforming use, the appeal is from a judgment of the Supreme Court, Nassau County (Joseph, J.), dated June 7, 1999, which granted the petition.

Ordered that the judgment is affirmed, with costs.

In 1956 the subject property received a certificate of occupancy for use as a "gasoline auto service station". In or about 1993 the sale of gasoline at the subject premises was discontinued and the premises were used solely for the repair of automobiles. In 1997 the Village of Roslyn Code was amended to prohibit "automobile repairs" in the applicable zoning district. Thereupon, pursuant to Village of Roslyn Code § 15.607, the petitioner sought to confirm, as a nonconforming use, the use of the premises for automobile repairs. The Zoning Board of Appeals denied that application and this proceeding pursuant to CPLR article 78 ensued.

"It is well established that zoning codes, being in derogation of the common law, must be strictly construed against the enacting municipality" (*Matter of Tartan Oil Corp. v Bohrer,* 249 AD2d 481, 482). While the former zoning code of the Incorporated Village of Roslyn (hereinafter the Village) expressly permitted automotive repairs to be performed on property used for a "public garage" (*see,* Village of Roslyn Code former § 15.3), it did not enumerate what acts could lawfully be performed on property used as an "automobile service station" (*see,* Village of Roslyn Code former § 15-127). However, because the former zoning code stated that if a public garage

or an automobile service station was permitted to operate in the Village's business district, "all repair work must be performed within a building" (see, Village of Roslyn Code former § 15-127), it was clearly contemplated that automobile service stations were permitted to perform automotive repairs. In addition, because the term "gasoline auto service station"—the use permitted by the petitioner's certificate of occupancy—was not defined, any ambiguity with regard to its meaning must be construed against the Village (see, Matter of Hogg v Cianciulli, 247 AD2d 474).

Here, a gasoline automobile service station has been operated on the property since 1956. In addition, from 1956 to the present, automotive repairs have been performed on the property. The Supreme Court must give deference to the determination by a Zoning Board of Appeals (see, Matter of Fuhst v Foley, 45 NY2d 441). Here, however, the determination was based on equivocal testimony by the Village of Roslyn Building Inspector regarding the meaning of the term "gasoline auto service station", and speculation that a permit purportedly issued by the Village in 1955 authorizing the use of the property as a gasoline automobile service station, a copy of which could not be located, eliminated the right to perform automotive repairs on the property. Accordingly, the Supreme Court properly annulled the determination on the ground that it was arbitrary and capricious (see, Matter of McQuade v Zoning Bd. of Appeals, 248 AD2d 386). Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.