■ In the Matter of ANTHONY SPOSATO, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF PELHAM et al., Respondents. [732 NYS2d 19] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of Village of Pelham, dated March 26, 2000, which denied the petitioner's challenge to the issuance of a building permit to the respondent Nancy Early for the reconstruction of her legal, nonconforming garage, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Angiolillo, J.), entered November 1, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Zoning codes, being in derogation of the common law, must be strictly construed against the enacting municipality (*see, Matter of E & B Realty v Zoning Bd. of Appeals,* 275 AD2d 779; *Matter of Tartan Oil Corp. v Bohrer,* 249 AD2d 481). Ambiguities in a zoning ordinance must be resolved in favor of the property owner (*see, Matter of Hogg v Cianciulli,* 247 AD2d 474). A zoning board's interpretation of its zoning ordinance is entitled to great deference, and will not be overturned by the court unless it is unreasonable or irrational (*see, Matter of Home Depot USA v Baum,* 243 AD2d 476; *Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631).

The respondent Zoning Board of Appeals of Village of Pelham (hereinafter the ZBA) reasonably and rationally construed its ordinance in concluding that the building permit issued to the respondent Nancy Early was proper, since the new roof depicted in her plans did not increase the nonconformity of the garage.

The relevant zoning ordinance is Town of Pelham Zoning Code § 98-121 which, in pertinent part, provides: "A nonconforming structure that is * * * devoted to a conforming use may be reconstructed, structurally altered, restored or repaired, in whole or in part, provided that such action does not increase the degree of nonconformity thereof."

The uncontroverted allegations in the record clearly demonstrate that Early's old garage was nonconforming in only two respects. It was closer to the property line, and slightly higher, than permissible under the current ordinance. Early's new garage is likewise nonconforming in two respects. It occupies the original garage footprint so it too, is closer to the property line than is permissible under the current ordinance. Like the original garage, the new garage exceeds the 15-foot height limit applicable to accessory structures, although it is lower than its predecessor. Thus, it is clear that the new garage does not "increase the degree of nonconformity" and thus does not run afoul of Town of Pelham Zoning Code § 98-121. Therefore, the new roof did not require a variance or the permission of the ZBA, and the petitioner's insistence to the contrary is meritless (*see, Matter of Petrocelli v Zoning Bd. of Appeals,* 281 AD2d 423; *Matter of Tartan Oil Corp. v Board of Zoning Appeals,* 213 AD2d 486; *Matter of Martens v Zoning Bd. of Appeals,* 195 AD2d 974). Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.