■ In the Matter of EPL Associates, LLC, Respondent, v Board of Trustees of the Incorporated Village of Great Neck Plaza et al., Appellants. [742 NYS2d 572] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Great Neck Plaza, dated December 15, 1999, which, after a hearing, declined to consider the petitioner's application for a permit of compliance until it applied for and received permission to delete parking spaces from the subject parcel, the appeal is from a judgment of the Supreme Court, Nassau County (Parga, J.), dated February 8, 2001, which annulled the determination and granted the petition to the extent of remitting the application for consideration on the merits.

Ordered that the judgment is affirmed, with costs.

The petitioner, EPL Associates, LLC (hereinafter EPL), sought to build an apartment complex on a parcel of property in the Village of Great Neck. Accordingly, it applied to the appellants for a permit of compliance pursuant to Village Code, Village of Great Neck § 225-130 (A). The permit of compliance is to be issued upon the appellants' conclusion that the building to be constructed conforms with the Village Code. The permit is needed to obtain a building permit. After a public hearing, the appellants declined to consider the application until EPL applied for and received permission to delete parking spaces on the parcel pursuant to Village Code, Village of Great Neck § 225-88 (D). Village Code, Village of Great Neck § 225-88 (D) was enacted to preserve scarce off street parking spaces in the Village. In the judgment appealed from, the Supreme Court annulled this determination and remitted EPL's application for a permit of compliance to the appellants for consideration on the merits. We affirm.

There is no rational basis for the appellants' determination that the incidental use of the subject parcel as parking for a nearby shopping center brought the parcel within the intendment of Village Code, Village of Great Neck § 225-88 (D) (*see Human Dev. Servs. of Port Chester v Zoning Bd. of Appeals of Vil. of Port Chester,* 67 NY2d 702; *Matter of KMO-361 Realty Assoc. v Davies,* 204 AD2d 547). Thus, it was arbitrary and capricious to have made compliance with the code section a condition precedent to consideration on the merits of EPL's application for a permit of compliance.

The appellants' remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.