■ In the Matter of NEW YORK SMSA LIMITED PARTNERSHIP et al., Respondents, v TOWN OF ISLIP PLANNING BOARD et al., Appellants. [751 NYS2d 283] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Planning Board, dated January 5, 2001, revoking a special permit previously issued, the appeal is from an order of the Supreme Court, Suffolk County (Klein, J.), dated September 24, 2001, which, inter alia, annulled the determination and directed the Town of Islip Department of Planning and Development to consider the application of the petitioner New York SMSA Limited Partnership for site plan approval under the Islip Town Code former § 68-420.1.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

In March 1997 New York SMSA Limited Partnership (here-

308

inafter Verizon) filed an application with the Town of Islip Department of Planning and Development (hereinafter the Planning Department) for a special use permit to construct an 82-foot tall cellular telephone antenna tower, and accompanying equipment shelter, on its leased property in Holtsville, in the Town of Islip. The permit was issued on February 24, 1999, subject to, inter alia, the provisos that the tower and equipment shed be positioned to avoid direct visibility from the street, that Verizon construct earthen berms and landscaping on the property, and that site plan approval be granted prior to obtaining a building permit.

Verizon subsequently initiated the site plan approval process. However, this process was delayed because the Planning Department wrongly determined that the neighboring parcel was zoned residential, and determined that Verizon would need certain setback variances. This issue was resolved at a hearing before the Town of Islip Board of Appeals when the Planning Department conceded that the neighboring parcel was zoned industrial, a classification that would change the need for variances.

Three days before Verizon submitted a new site plan for approval, the Planning Department promulgated an interoffice memorandum telling its employees not to issue any permits to Verizon because any new site plan would require a new special use permit. In August 2000 Verizon was notified that its application was being held in abeyance pending a Planning Board determination regarding the new site plan.

While Verizon's application was held in abeyance, the Town amended its cellular antenna tower ordinance to effectively prohibit Verizon from constructing its antenna tower. However, this amended ordinance specifically exempted preexisting antennas from its purview, and defined such antennas as "[a]ny tower or antenna for which a building permit or special use permit has been properly issued prior to the effective date of this section * * * provided that such approved permit (s) is current and has not expired" (Islip Town Code § 68-420.1 [A] [2]).

A meeting between Verizon representatives and the Planning Department took place 57 days after Verizon's application was held in abeyance, and 11 days after the amendment to the cellular antenna tower ordinance. At the meeting, Verizon was notified of the amendment to the cellular antenna tower ordinance, and informed that its special use permit was no longer valid.

Nearly three months after the effective date of the amend-

ment to the ordinance, the Planning Board held a hearing at which it voted to revoke Verizon's special use permit. In its written determination, the Planning Board found, inter alia, that (1) Verizon failed to obtain a building permit within 12 months of the granting of the special use permit, as required by Islip Town Code § 68-31 (E), and (2) Verizon was required to adhere to the provisions of the amended cellular antenna tower ordinance because it failed to obtain a building permit prior to the Town's amendment of that ordinance.

Verizon commenced the instant CPLR article 78 proceeding challenging the Planning Board's determination. The Supreme Court, inter alia, annulled the determination and directed the Town to consider Verizon's application for site plan approval under the former cellular antenna tower ordinance. The Town appeals. We affirm.

The "interpretation of a regulation is subject to judicial review, and the ultimate responsibility of interpreting the law is that of the court * * * Thus, where the interpretation of a regulation is irrational or unreasonable, a[n administrative agency's] determination will be annulled" (*Matter of KMO-361 Realty Assoc. v Davies,* 204 AD2d 547; *see Matter of Frishman v Schmidt,* 61 NY2d 823, 825; *Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631, 632; *Matter of Tartan Oil Corp. v Bohrer,* 249 AD2d 481, 482; *Matter of Tallini v Rose,* 208 AD2d 546). Additionally, since zoning ordinances are in derogation of the common law, any ambiguity must be resolved in favor of the landowner (*see Matter of Tartan Oil Corp. v Bohrer, supra; cf. Matter of Sposato v Zoning Bd. of Appeals of Vil. of Pelham,* 287 AD2d 639; *Matter of E & B Realty v Zoning Bd. of Appeals of Inc. Vil. of Roslyn,* 275 AD2d 779).

Islip Town Code § 68-420.1 (A) (2) defines a preexisting antenna as "[a]ny tower or antenna for which a building permit or special use permit has been properly issued prior to the effective date of this section * * * provided that such approved permit[s] is current and has not expired." Since the clear language of the ordinance provides that possessing a special use permit entitles the holder to preexisting antenna status—and exemption from the new setback requirements—Verizon did not need a building permit to secure such status; its possession of a valid special use permit was sufficient. Additionally, while Islip Town Code § 68-31 (E) permits a governing agency to revoke a permit if construction is not commenced within 12 months of the granting of that permit, the record is clear that such revocation did not take place until nearly three months after the Town amended its cellular antenna tower

ordinance. Accordingly, Verizon's unconstructed antenna is entitled to preexisting antenna status.

Furthermore, there is evidence in the record that the construction required by the Planning Board was, in fact, commenced within the 12-month window provided by Islip Town Code § 68-31 (E). In that regard, the Planning Board's determination to revoke Verizon's permit based solely on "the fact that the applicant did not obtain building permits within twelve months of February 4, 1999, and the fact that the town has updated the ordinance in regulating transmission towers" was arbitrary and capricious and the product of " 'administrative procrastination, calculated to deny [Verizon] [its] right to use this land in a * * * lawful manner' " (*Matter of Pokoik v Silsdorf*, 40 NY2d 769, 772, quoting Anderson, NY Zoning Law and Practice § 6.17, at 196; *see Caruso v Town of Oyster Bay*, 250 AD2d 639, 640; *Matter of Miller v Southold Town*, 190 AD2d 672, 673-674; *Matter of Parkview Holding Corp. v New York City Conciliation & Appeals Bd.*, 60 AD2d 845, 846).

The Town's remaining contentions are without merit. Florio, J.P., S. Miller, Adams and Crane, JJ., concur.