■ In the Matter of JEFF BAKER et al., Appellants, v TOWN OF ISLIP ZONING BOARD OF APPEALS et al., Respondents. [799 NYS2d 541]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals dated July 15, 2003, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered April 7, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the determination dated July 15, 2003, is annulled, and the matter is remitted to the Town of Islip Zoning Board of Appeals for further proceedings consistent herewith.

The petitioners own undeveloped land located in Sea View on Fire Island in the Town of Islip. Islip's Town Code (hereafter the Code) and Federal Emergency Management Agency regulations require that any proposed residence in Sea View be raised above ground level and constructed on pilings. The petitioners submitted an application to construct a two-story residence. Part of the second already changed story was to be constructed on top of pilings, with bare ground underneath. A walkway four feet wide was designed to run from underneath this part of the second story to the street.

The petitioners applied to the Town's Zoning Board of Appeals (hereafter the Board) for a variance from the 30% floor area ratio (hereafter the FAR). The petitioner calculated that the FAR for their house was 35.2%, which excluded the unenclosed area under the second story of the house. The Board concluded that this area should be included in calculating the FAR since it was roofed over and therefore the FAR for the house was 45%. After a public hearing, the Board denied the petitioners' application, taking the position that the variance for a 45% FAR was a request for a 50% relaxation of the Code, which was "substantial." The Board further stated that the second story and roof deck would be "quite high in the air" and would cause an undesirable change in the character of the neighborhood.

The petitioners commenced this CPLR article 78 proceeding to review and annul the determination, and to direct the Board to find that their application was for a variance for a 35.2% FAR and grant the variance. The Supreme Court upheld the Board's determination. The court found that the Board had consistently interpreted the area underneath a roofed-over portion of a house to be included in the FAR and properly did so in this instance. The petitioners appeal.

It is well settled that zoning codes, being in derogation of the common law, must be strictly construed against the enacting municipality and in favor of the property owner (see FGL & L Prop. Corp. v City of Rye, 66 NY2d 111, 115 [1985]; Matter of Allen v Adami, 39 NY2d 275, 277 [1976]; Matter of Geisinsky v Village of Kings Point, 226 AD2d 340 [1996]). A zoning board's interpretation of a zoning code is "not entitled to unquestioning judicial deference, since the ultimate responsibility of interpret-

ing the law is with the court" (*Matter of Tartan Oil Corp. v Bohrer,* 249 AD2d 481, 482 [1998] [internal quotation marks omitted]; *see Matter of Tallini v Rose,* 208 AD2d 546, 547 [1994]). A zoning code must be construed according to the words used in their ordinary meaning (*see Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631, 632 [1993]) and may not be extended by implication (*see* 1 Anderson, New York Zoning Law & Prac § 9.39, at 466 [3d ed 1984]; *see also Matter of KMO-361 Realty Assoc. v Davies,* 204 AD2d 547 [1994]; *Gillen v Zoning Bd. of Appeals of Town of Cortlandt,* 144 AD2d 433, 436 [1988]). Where the interpretation of a zoning code is irrational or unreasonable, the administrative agency's determination will be annulled (*see Matter of Tallini v Rose, supra; Matter of KMO-361 Realty Assoc. v Davies, supra; Matter of Chrysler Realty Corp. v Orneck, supra*).

In this case, we agree with the petitioners' contention that the Supreme Court erred in failing to apply the definition of "total floor area" that is set forth in the Code and by concluding that the Board's decision to include the open area underneath the second story in the calculation of the FAR was supported by substantial evidence. Code § 68-142 (C), applicable to the Fire Island Residence BAA zoning district in which the subject property is situated, provides that the "maximum total floor area for a single-family dwelling hereafter erected, inclusive of all accessory uses, shall not exceed a FAR of 0.30." Total floor area is defined as "the area composed of the ground floor and all other floors, decks, open or closed porches, breezeways, sheds, garages and other accessory uses" (Code § 68-142 [D]). It further provides "[f]or the purpose of this chapter, ground floor area shall mean the area within the exterior walls of the dwelling at grade level" (Code § 68-142 [B]). This language, when given its ordinary meaning, clearly provides that the "total floor area" of the petitioners' residence for purposes of the FAR calculation means the total square footage of the structure that is enclosed by exterior walls or that has a floor or deck. Since the bare ground under the second story portion of the petitioners' house is not enclosed by exterior walls, doesn't have a floor, and is not a deck, breezeway, shed, garage, or other accessory use, it is not included in the definition of total floor area and shouldn't have been used to calculate the FAR. Furthermore, the subject provisions of the Code do not define total floor area to include areas that are "underneath a roofed- over portion of the house" and it may not be extended by implication to do so (*see Matter of Chrysler Realty Corp. v Orneck, supra*).

It was error for the Supreme Court to rely upon Code § 68-

140 in defining the total floor area. This section provides that the "total building area" shall not exceed or occupy more than 25% of the total lot area. Its purpose clearly is to limit the percentage of the lot that can be covered by structures and is inapplicable to both the determination of "total floor area" and the calculation of FAR under any reasonable interpretation of the Code. In any event, any ambiguity that may exist must be resolved in favor of the petitioners (*see Matter of Tartan Oil Corp. v Bohrer, supra*).

We find the Board's interpretation of Code § 68-142 to be irrational and unreasonable as applied to the petitioners' application, and the Supreme Court should have granted the petition to the extent of annulling the determination denying the petitioners' application for an area variance. Accordingly, we remit this matter to the Board for a new hearing on the petitioners' application, excluding from the FAR calculation the unenclosed area beneath the second story portion of the proposed residence. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.