■ Carl V. Wortendyke et al., Appellants, v Malcolm A. Borg et al., Constituting the Palisades Interstate Park Commission, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to grant an easement of ingress and egress to the petitioners, the petitioners, Carl V. Wortendyke, Martin C. Wortendyke and Peter Wortendyke, a partnership doing business as Wortendyke Brothers, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Meehan, J.), dated November 10, 1986, as dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioners own a parcel of land in the Town of Orangetown which is improved by a residence and which is adjacent to Blauvelt State Park. Allegedly, the parcel is landlocked and the only feasible access to it is through an existing driveway from Tweed Boulevard through Blauvelt State Park. Prior to purchasing the parcel in question from their predecessor in title, Kyriena Ziloti, the petitioners sought to obtain an easement from the respondents, who have immediate operational control over Blauvelt State Park (see, 9 NYCRR 381.7). As reflected in the minutes of the respondents' September 24, 1984 meeting, the following resolution was passed: "RESOLVED that an easement be granted to Miss Ziloti for a 50-year period, for a fee to be determined by Management on the basis of a professional appraisal of the property."

Although the petitioners expressly conditioned the sale of the subject parcel upon their ability to obtain an extension of

the existing easement from the respondent Commission, they nevertheless took title to the property with full knowledge that the grant of the easement had not been finally approved.

The petitioners allegedly purchased the subject parcel in reliance upon this resolution as well as upon various communications with the respondent Nash Castro, the Executive Director of the Palisades Interstate Park Commission. By letter dated December 3, 1985, the petitioners were informed that the grant of the easement would have to be executed by the Office of Parks, Recreation and Historic Preservation, the Attorney-General and the Comptroller of the State of New York. The petitioners alleged that Executive Director Castro assured them that the execution of the documents by this office was a mere formality. However, the Office of Parks, Recreation and Historic Preservation subsequently withheld its approval of the easement on the ground that it contravened PRHPL 13.06, which requires that any grant of an easement serve a "public purpose". The petitioners thereafter commenced the instant proceeding to compel the grant of the subject easement.

The Supreme Court dismissed the petition after finding that the respondents lacked the authority to grant the subject easement since it was not for a "public purpose." The petitioners now challenge this finding and contend that the September 24, 1984 resolution and the correspondence with the Palisades Interstate Park Commission evidence an enforceable contract which entitles them to specific performance. Alternatively, the petitioners claim that the respondents should be equitably estopped from denying the grant of the easement.

It is axiomatic that "[w]hen the plain language of the statute is precise and unambiguous, it is determinative" *(Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 565). In the instant case, the plain language of PRHPL 13.06 provides that any grant of an easement must serve a "public purpose". The exclusively private use of the proposed easement to provide ingress and egress to the owners of the subject property does not fall within the definition of a public purpose *(cf., Matter of Altona Citizens Comm. v Town of Altona,* 54 NY2d 908; *Murphy v Erie County,* 28 NY2d 80, *rearg denied* 29 NY2d 551). Consequently, the Supreme Court properly found that the respondents lack the authority to grant the easement sought by the petitioners.

Moreover, the record contains no evidence indicating that either the Office of Parks, Recreation and Historic Preserva-

tion was privy to the purported agreement or that it had delegated its authority to enter into the contract to the Palisades Interstate Park Commission or to the respondent Castro. Thus, the written evidence of the purported agreement does not satisfy the Statute of Frauds (see, General Obligations Law § 5-703 [2]; *Read v Henzel*, 67 AD2d 186, 188-189) and is, therefore, unenforceable.

Finally, the facts at bar do not warrant the application of the doctrine of equitable estoppel. Generally, estoppel may not be invoked against a governmental agency to prevent it from discharging its statutory duties (see, *Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 278-279; *Matter of E. F. S. Ventures Corp. v Foster*, 71 NY2d 359; *Scruggs-Leftwich v Rivercross Tenants' Corp.*, 70 NY2d 849, 852). "Moreover, '[e]stoppel is not available against a local government unit for the purpose of ratifying an administrative error' " *(Matter of Parkview Assocs. v City of New York, supra,* at 282). At bar, the easement was properly denied because it contravened the legislative mandate that an easement over park lands be granted for a "public purpose". As such, a judicial estoppel preventing the respondents from complying with this statutory mandate would place the court in opposition to the Legislature and constitute a usurpation of that body's prerogative (cf., *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662; *Eden v Board of Trustees*, 49 AD2d 277). Thus, we find that the equities presented in the situation at bar do not warrant a departure from the general rule which forecloses a party from asserting the defense of equitable estoppel against a governmental unit. Moreover, "[a] party contracting with the State is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them" *(Parsa v State of New York*, 64 NY2d 143, 147, *rearg denied* 64 NY2d 885; *see also, Matter of Parkview Assocs. v City of New York, supra).* Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.