In the Matter of BRIAR HILL LANES, INC., Respondent, v TOWN OF OSSINING ZONING BOARD OF APPEALS, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Ossining Zoning Board of Appeals (hereinafter the Zoning Board), dated May 12, 1986, which, after a hearing, inter alia, denied the petitioner's request that

the proposed use for its property be permitted under the Code of the Town of Ossining § 200-18 (A) (2), the Zoning Board appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered October 23, 1986, which denied its motion to dismiss the petition, (2) an order of the same court (Colabella, J.), entered July 14, 1987, which granted the petition and annulled the Zoning Board's determination and (3) a judgment of the same court (Colabella, J.), dated August 3, 1987, entered thereon.

Ordered that the appeals from the orders are dismissed and it is further,

Ordered that the judgment is reversed, on the law, the order entered July 14, 1987, is vacated, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because no appeal lies as of right from an intermediate order in a CPLR article 78 proceeding *(see,* CPLR 5701 [b] [1]) and because even an appeal by permission therefrom would have terminated with the entry of judgment in the proceeding *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the orders are brought up for review and have been considered on the appeal from the judgment.

The petitioner, Briar Hill Lanes, Inc., owns a three-acre parcel at 588 North State Road in the Town of Ossining, New York, which is in an area zoned "GB General Business District". This zone permits a variety of uses. One of the permitted uses is: "Personal service stores, such as but not limited to barber shops, beauty parlors and tailors" (Code of Town of Ossining § 200-18 [A] [2]). The property is presently improved with a one-story building used as a bowling alley, but the petitioner desires to erect another building on the parcel to be utilized as a "self-service mini-storage facility".

The Building Inspector of the Town of Ossining denied the petitioner's request for a building permit on the ground that the proposed use was not a permitted use under the Code of the Town of Ossining § 200-18. Thereafter, the petitioner applied to the Zoning Board requesting that that section of the code be interpreted as including the proposed storage facility within the scope of the phrase "personal service stores" or in the alternative, the petitioner requested a variance. In a decision dated May 12, 1986 the Zoning Board denied both requests noting, *inter alia,* that the list of permit-

ted uses enumerated in the Code of the Town of Ossining § 200-18 (A) (2) did not include the proposed use.

The petitioner then commenced the instant CPLR article 78 proceeding to review the Zoning Board's determination. The Supreme Court granted the petition, annulled the Zoning Board's determination and directed it to treat the petitioner's request for a self-service mini-storage facility as a permitted use. We reverse for several reasons.

We note that in annulling the Zoning Board's determination, the court failed to apply the rule that the words in a statute or ordinance are to be construed by giving them their natural and ordinary meaning (see, Matter of Steinbeck v Gerosa, 4 NY2d 302, 308, appeal dismissed 358 US 39; Matter of Carroll v Ingram, 59 AD2d 85, lv denied 43 NY2d 642, appeal dismissed 44 NY2d 948). Webster's Third New International Dictionary of the English Language 1687 (1981 ed) defines the phrase "personal service" as "economic service involving the either intellectual or manual personal labor of the server rather than a salable product of his skill". This common and ordinary definition of the phrase is essentially the same interpretation given to it by the Zoning Board in construing the language of the section in question. Moreover, it clearly excludes the proposed storage facility, which does not involve any "intellectual or manual personal labor of the server".

The court based its decision on the proposition that the language " 'such as but not limited to' * * * is usually a term of enlargement and not of limitation". Thus the court concluded that "other businesses other than that involving the labor and skill of a person not specifically enunciated by the zoning ordinance are permissible". This, however, was error because the court ignored the obvious meaning of the words "such as". The phrase "such as" is not a term of enlargement, but is one of "general similitude" and is generally defined as indicating matters "of same or like kind" (see, Matter of Brooklyn Union Gas Co. v McGoldrick, 270 App Div 186, affd sub nom. Matter of Brooklyn Union Gas Co. v Joseph, 298 NY 536; Matter of Mandel's Will, 143 NYS2d 339, 340). Thus, the phrase "such as but not limited to", means that the items included in the category being defined (in this case "personal service stores"), while they are not limited to the examples listed, must be of the same or similar kind or character of those items (in this case "barber shops, beauty parlors and tailors").

Furthermore, the court in annulling the Zoning Board's

determination, ignored the fact that the Code of the Town of Ossining specifies another zone, designated "GB-1" (§ 200-18.1) which has as a permitted use "warehouse and storage facilities". The specific addition of this use indicates that the uses permitted in the "GB" zone were not intended to include storage facilities. The task in interpreting a statute or ordinance is to give effect to the intent of the body which adopted it, construing words by giving them their natural and ordinary meaning and construing the various parts of the statute or ordinance "in a manner seeking to harmonize the whole and avoid rendering any part surplusage" *(Matter of Kamhi v Planning Bd.,* 59 NY2d 385, 391). If the phrase "personal service stores" in section 200-18 (A) (2) of the Code of Town of Ossining were interpreted to include the petitioner's proposed storage facility, then the "GB-1" zone would be unnecessary and its enactment would have been superfluous. Such an interpretation, therefore, cannot stand.

It is well settled that where a zoning ordinance authorizes the interpretation of its requirements by a zoning board of appeals, the specific application of a term of the ordinance to a particular property is governed by the board's interpretation unless unreasonable or irrational *(Matter of Frishman v Schmidt,* 61 NY2d 823, 825; *Taylor v Foley,* 122 AD2d 205). In view of the foregoing, we conclude that the Zoning Board's interpretation of the ordinance in question was neither unreasonable nor irrational.

Finally, we note that the petitioner did not argue in its petition, nor has it argued on appeal, that it was entitled to a use variance in the event its interpretation of the ordinance was not upheld. Therefore, we decline to reach this issue. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.