■ CITY OF NEW YORK et al., Appellants, v BLACK GARTER et al., Respondents. [709 NYS2d 110] —In an action, inter alia, to restrain the operation of a business known as "The Black Garter" as an adult establishment in violation of New York City Zoning Resolution § 42-01 (a), the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), entered

February 4, 1999, which denied their motion, *inter alia*, to preliminarily restrain the operation of "The Black Garter" as an adult establishment.

Ordered that the order is affirmed, with costs.

The defendant "The Black Garter" is an adult establishment as defined in New York City Zoning Resolution § 12-10. It is located in Area "M" of the Special South Richmond zoning district. It appears that The Black Garter has operated at this location for the past 25 years. Area "M" is a special purpose district in South Richmond County which is primarily an M1-1 light manufacturing district (New York City Zoning Resolution § 107-49). However, Area "M" is regulated by New York City Zoning Resolution § 107-69, which states that the City Planning Commission may "authorize developments or enlargements of residential uses" (New York City Zoning Resolution § 107-69 [a]).

The City of New York and Gaston Silva, Commissioner of Buildings of the City of New York (hereinafter collectively referred to as the City) commenced the instant action, *inter alia*, to restrain the operation of The Black Garter. The City alleged that The Black Garter was in violation of New York City Zoning Resolution § 42-01 (a), as amended, which, *inter alia*, prohibits "adult establishments" from being located "in a manufacturing district in which residences * * * are, under the provisions of the Zoning Resolution, allowed as-of-right or by special permit or authorization." Here, the City reasoned that The Black Garter was in violation of section 42-01 (a) because New York City Zoning Resolution § 107-69 allows the City Planning Commission to "authorize developments or enlargements of residential uses". The Supreme Court denied the City's motion, *inter alia*, to restrain the operation of The Black Garter, and the City appeals.

Initially, we note that the City is not judicially estopped from asserting the position that adult establishments may not be operated in Area "M" (*see, Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 370; *Wortendyke v Borg*, 138 AD2d 695, 697). Nevertheless, we affirm the Supreme Court's denial of the City's motion.

Zoning ordinances are to be strictly construed against the municipality which has enacted and seeks to enforce them (*see, Matter of Toys "R" Us v Silva*, 89 NY2d 411, 421; *Matter of Allen v Adami*, 39 NY2d 275, 277). Any ambiguity must be resolved in favor of the property owner (*see, Matter of Toys "R" Us v Silva, supra*; *Matter of Allen v Adami, supra*). Although New York City Zoning Resolution § 107-69 allows the City

Planning Commission to authorize a residential use, it cannot do so unless, *inter alia*, there would be no adverse effect upon the existing commercial or manufacturing uses. Thus, if the City Planning Commission was to authorize residential uses in Area "M" of the Special South Richmond zoning district, where The Black Garter has apparently operated for 25 years, such authorization would adversely affect The Black Garter's commercial use of its premises because it would be forced to close (*see*, New York City Zoning Resolution § 107-69 [c] [3], [4]). Accordingly, the City Planning Commission cannot authorize residential use in this area. Since The Black Garter is in an area where residential use is not permitted as of right, by permit, or by special authorization, it is not in violation of New York City Zoning Resolution § 42-01 (a), as amended. O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur. [*See*, 179 Misc 2d 597.]