In the Matter of ASSOCIATION OF ZONE A & B HOMEOWNERS SUBSIDIARY, INC., et al., Appellants, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Respondents. [749 NYS2d 68] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of Long Beach, dated June 7, 2000, which, after a hearing, conditionally granted the application of the respondent Mesivta of Long Beach for area variances, and action for a judgment declaring that the proposed use of the subject property is not permitted in the absence of a use variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered July 11, 2001, which denied the petition and dismissed the hybrid proceeding and action.

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that a use variance is not required; as so modified, the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioners contend that the Zoning Board of Appeals of the City of Long Beach improperly granted area variances for a proposed use which was not permitted under the Long Beach Code and required a use variance.

The property is owned by a religious and educational institution which operates a religious high school and college. The property has been used as a dormitory for the religious high school and college since the 1970's. The proposed new building would "not only be a dormitory but [would] also contain six (6) classrooms, an infirmary and a student lounge, as well as guest accommodations."

The property in question is zoned in a residence A district, where the permitted uses include a college, school, place of worship, convent, parish house, or Sunday school building (*see* Long Beach Code § 9-105 [a] [4], [5]), and "[a]ccessory uses customarily incident to any use permitted by the provisions of this section" (Long Beach Code § 9-105 [a] [6]).

The petitioners' argument centers on the term "[a]ccessory building" which is defined as "[a] subordinate building or structure on the same lot as the main building, occupied by or devoted exclusively to an accessory use" (Long Beach Code § 9-104 [a]). However, there is no provision in the Long Beach Code which requires that accessory uses must be housed in accessory buildings.

The Supreme Court correctly noted that religious and educational uses are favored, since such uses presumptively serve the public welfare and morals (*see Cornell Univ. v Bagnardi,* 68 NY2d 583). "Educational institutions are generally permitted to engage in activities and locate on their property facilities for such social, recreational, athletic, and other accessory uses as are reasonably associated with their educational purpose" (*Town of Islip v Dowling Coll.,* 275 AD2d 366, 367).

The petitioners' remaining contentions are either unpreserved for appellate review or are without merit. However, since the petitioners requested a declaratory judgment, the judgment should be modified to declare that no use variance was required (*see Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901). S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.