■ In the Matter of HAMPTON HILL VILLAS CONDOMINIUM BOARD OF MANAGERS et al., Respondents, v TOWN OF AMHERST ZONING BOARD OF APPEALS et al., Appellants, et al., Respondents. (Proceeding No. 1.) TINSELTOWN USA et al., Third-Party Plaintiffs, v JOHN STEWART, Individually and Doing Business as PRO-TECT SECURITY, Third-Party Defendant-Respondent. (Appeal No. 2.) [787 NYS2d 557]—

Appeals from a judgment of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 30, 2003 in two proceedings pursuant to CPLR article 78. The judgment granted the petitions and annulled the March 18, 2003 determination of respondent Town of Amherst Zoning Board of Appeals.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petitions are dismissed.

Memorandum: Respondents Town of Amherst Zoning Board of Appeals and its members (collectively, ZBA) and Ciminelli Development Company, Inc. (Ciminelli) appeal from a judgment

in petitioners' CPLR article 78 proceedings that annulled the ZBA's determination that an existing shared driveway on property that Ciminelli sought to rezone did not also require rezoning. The Commissioner of Building of the Town of Amherst determined that the driveway need not be included as part of the application to rezone the property from the community facilities (CF) classification to the office building classification because the use of the driveway was shared by an existing business that would remain in its current CF classification and the use of the driveway by that business would otherwise become nonconforming. On appeal, the ZBA upheld that determination. "Under a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, specific application of a term of the ordinance to a particular property is . . . governed by the board's interpretation, unless unreasonable or irrational" (*Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *see Matter of J.H., Jr., & E.T., Sr. Wurz Realty Partnership v Zoning Bd. of Appeals of Vil. of N.Y. Mills*, 249 AD2d 984, 985 [1998], *lv denied* 92 NY2d 813 [1998]; *Matter of Saglibene v Baum*, 246 AD2d 599, 600 [1998]). Here, the ZBA's interpretation of the zoning ordinance is neither unreasonable nor irrational, and we therefore reverse the judgment and dismiss the petitions. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.