In the Matter of MICHAEL HOAG et al., Appellants, v ZON-ING BOARD OF APPEALS OF TOWN OF CLINTON et al., Respondents. [815 NYS2d 603]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Clinton, dated May 31, 2004, made after a hearing, upholding a determination of the Town of Clinton Zoning Enforcement Officer that the use of the subject property by Louis Kogon and Alyssa Kogon was consistent with the definition of "contractor storage," a use permitted under the Town of Clinton Zoning Law, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated September 15, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"[A] determination of a zoning board should be sustained upon judicial review if it has a rational basis" and is not arbitrary and capricious (*Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Corigliano v Zoning Bd. of Appeals of City of New Rochelle,* 18 AD3d 750 [2005]). Judicial review of a board's decision "is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig, supra* at 308; *see Matter of Efraim v Trotta,* 17 AD3d 463, 464 [2005]). Additionally, "a zoning board's interpretation of its zoning ordinance is entitled to great deference, and will not be overturned by a court unless unreasonable or irrational" (*Matter of Ferraris v Zoning Bd. of Appeals of Vil. of Southampton,* 7 AD3d 710, 711 [2004]). Moreover, zoning restrictions are "strictly construed [with] any ambiguity resolved in favor of the property owner" (*Matter of Toys "R" Us v Silva,* 89 NY2d 411, 421 [1996]; *see City of New York v Black Garter,* 273 AD2d 188, 189 [2000]).

Here, both the members of the Zoning Board of Appeals of the Town of Clinton (hereinafter the Zoning Board) who supported and opposed upholding the determination of the Town's Zoning Enforcement Officer concluded that the Town of Clinton Zoning Law contains a vague definition of what constitutes "contractor's storage," a permitted accessory use. The Zoning Board reasonably concluded that the Kogons' storage of equip-

ment and vehicles by the respondents Louis Kogon and Alyssa Kogon in their barn and related activities constituted "contractor's storage" (*see Matter of Association of Zone A & B Homeowners Subsidiary v Zoning Bd. of Appeals of City of Long Beach,* 298 AD2d 583, 583-584 [2002]; *Walter v Harris,* 163 AD2d 619 [1990]).

The plaintiffs' remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.