■ In the Matter of KEVIN CARRIER, Appellant, v TOWN OF PALMYRA ZONING BOARD OF APPEALS et al., Respondents. [816 NYS2d 647]—

Appeal from a judgment (denominated order) of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered April 28, 2005 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner is the owner of a parcel of land in respondent Town of Palmyra (Town) where he has operated a

junkyard without the requisite license to do so. It appears from the record before us that, in the year 2000, petitioner applied for a "Certificate of Approval" to operate an automobile junkyard on the premises and that the Town's code enforcement officer denied the application. Upon petitioner's appeal to respondent Town Zoning Board of Appeals (ZBA), the ZBA affirmed the code enforcement officer's decision. The record contains a judgment dismissing without prejudice petitioner's CPLR article 78 petition challenging the ZBA's determination on the ground that the record was "inadequate for review" and remitting the matter to the ZBA "for findings as to whether the Petition[er] abandoned the alleged [preexisting nonconforming] use." In 2003 petitioner commenced an action seeking, inter alia, judgment ordering the ZBA to issue him the "necessary permits and approvals" to operate a junkyard on his premises. He alleged in his verified complaint that, although a hearing was held upon the court's remittal, he had yet to receive a decision or findings of fact from the ZBA on his application. Petitioner thereafter moved for the relief sought in the complaint, and Supreme Court issued an order vacating its prior judgment and directing that petitioner "shall not be time-barred from pursuing administrative remedies that were available to him in November 2001 regarding the above matter, including his right to seek a determination on the issue of [preexisting nonconforming] use of the property."

By application dated May 13, 2004, petitioner applied for a "Certificate of Nonconformity/Use Variance Application" and, following a public hearing before the ZBA, the ZBA denied his application. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, judgment annulling the ZBA's determination and determining that his use of the premises as a junkyard is a valid preexisting nonconforming use or, alternatively, that he is entitled to a use variance. The court properly dismissed the petition.

We reject at the outset petitioner's contention that the Town's 1953 "Ordinance re: Hauling and Disposal of Garbage and Rubbish" is not relevant in determining whether the use of the premises may be considered a valid preexisting nonconforming use. " 'Under a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, specific application of a term of the ordinance to a particular property is . . . governed by the board's interpretation, unless unreasonable or irrational' " (*Matter of Hampton Hill Villas Condominium Bd. of Mgrs. v Town of Amherst Zoning Bd. of Appeals*, 13 AD3d 1079, 1080 [2004], quoting *Matter of Frishman v Schmidt*,

61 NY2d 823, 825 [1984]). Here, the ZBA reasonably interpreted the ordinance as zoning certain areas of the Town as official public dumping grounds and prohibiting the operation of private dumping grounds in the Town. Moreover, the record establishes that, contrary to the contention of petitioner, he was on notice of the applicability of the ordinance to his current application inasmuch as the Town's zoning enforcement officer and building inspector referred to the ordinance in his 1995 affidavit submitted in support of the Town's request at that time for a preliminary injunction and temporary restraining order in connection with the use by petitioner of his premises as a junkyard.

We conclude that the ZBA's determination that petitioner's use of the premises as a junkyard "did not continuously and lawfully exist prior to [the effective date of the 1953 ordinance]" is not " 'illegal, arbitrary or an abuse of discretion' " (*Matter of Stumpo v Town of Wheatfield*, 8 AD3d 1101, 1101 [2004]; *see generally Matter of Sasso v Osgood*, 86 NY2d 374, 385 [1995]). As noted by the ZBA, petitioner failed to submit "any proof of public records indicating that the property had been used as a junkyard from 1952 to July 15, 1966" but, rather, he presented public records establishing only that the Town had issued a junkyard permit for the premises from July 15, 1966 to April 1, 1989.

We further conclude that the ZBA properly determined, inter alia, that petitioner's hardship was self-created and thus that petitioner was not entitled to a use variance (*see generally* Town Law § 267-b [2] [b]; *Matter of Welsh v Town of Amherst Zoning Bd. of Appeals*, 270 AD2d 844, 844-845 [2000]). Here, it is undisputed that petitioner purchased the property fully knowing that the area was zoned residential, and thus petitioner's hardship was self-created (*see Matter of Stamm v Board of Zoning Appeals of Town of Greece*, 283 AD2d 995 [2001]). In view of our determination, we do not consider other factors relevant to determining whether petitioner was entitled to a use variance, e.g., whether the property can provide a reasonable return as it is currently zoned (*see id.*).

We agree with petitioner that the ZBA violated the Open Meetings Law when it discussed this matter at an executive session (*see* Public Officers Law §§ 103, 105). Petitioner has failed, however, to show good cause why we should exercise our discretion to void the ZBA's determination as a sanction for that violation, and we decline to do so (*see Matter of Griswald v Village of Penn Yan*, 244 AD2d 950 [1997]). Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.