■ In the Matter of DAVID BARTOSZEWSKI, Appellant, v TOWN OF HANNIBAL ZONING BOARD OF APPEALS, Respondent. [827 NYS2d 806]—

Appeal from a judgment of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered September 9, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner was issued a building permit to erect a new roof on a building on his property. After construction began, the Town of Hannibal's code enforcement officer revoked the permit and issued a stop work order because the construction violated the setback requirements of the Town of Hannibal Zoning Law (Zoning Law) and petitioner did not have a valid permit or variance. Rather than merely placing a new roof on the existing structure as indicated in his application for the building permit that was issued, petitioner removed a fence at his property line, built a wall in its place, and then extended the roof from the existing structure to the new wall, thereby expanding the structure. Petitioner appealed to respondent, Town of Hannibal Zoning Board of Appeals (ZBA), to reinstate the building permit and find that it authorizes the construction described above, contending that the setback requirement does not apply due to a preexisting nonconforming structure on the property. The ZBA denied the appeal and petitioner commenced this CPLR article 78 proceeding.

Supreme Court properly dismissed the petition. The ZBA's determination denying petitioner's appeal seeking reinstatement of the building permit is rational and is not arbitrary or capricious (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 309 [2002]; *Matter of Carrier v Town of Palmyra Zoning Bd. of Appeals*, 30 AD3d 1036, 1038 [2006]; *Matter of Hoag v Zoning Bd. of Appeals of Town of Clinton*, 27 AD3d 742 [2006]). The ZBA properly determined that concrete footers, steel posts and a fence that existed on the property line did not constitute a wall of the existing structure. Moreover, there was no roof from the existing structure to that fence when the Zoning Law was enacted in 1999. Without showing that a wall and a roof existed in 1999, petitioner could not demonstrate a preexisting nonconforming structure on the property such that the Zoning Law's setback requirements would not apply. In order to erect the wall and extend the roof, petitioner was required to apply for a variance, which he chose not to do. We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Centra and Pine, JJ.