In the Matter of THOMAS A. TURNER et al., Respondents, v S. WALTER ANDERSEN et al., Constituting the Zoning Board of Appeals for the Village of Lakewood et al., Appellants. [— NYS2d —]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (Timothy J. Walker, J.), entered June 19, 2007 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent members of the Zoning Board of Appeals for the Village of Lakewood (ZBA) that a portion of petitioners' property was subject to setback restrictions for corner lots and seeking a building permit for the proposed construction of a carriage house. We conclude that Supreme Court properly granted the petition.

"Although it is true that the interpretation of a zoning ordinance by a zoning board is entitled to deference . . . , it is equally true that the zoning board's interpretation of the ordinance is 'not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court' " (*Matter of Chrysler Realty Corp. v Orneck*, 196 AD2d 631, 632 [1993]). "Under a zoning ordinance which authorizes interpretation of its requirements by the [zoning] board of appeals, specific application of a term of the ordinance to a particular property is . . . governed by the board's interpretation, unless unreasonable or irrational" (*Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *see Matter of Hampton Hill Villas Condominium Bd. of Mgrs. v Town of Amherst Zoning Bd. of Appeals*, 13 AD3d 1079, 1080 [2004]). Here, section 25-20 of the Code of the Village of Lakewood provides that "[b]oth street sides of a corner lot shall be treated as front yards in the application of bulk and area requirements and parking," and section 25-22 provides that any structure higher than three feet built on a corner lot must be set back 25 feet from both street sides of the corner lot in order to maintain sight lines and to promote traffic safety. We note, however, that attached as an ex-

hibit to the petition is a resolution of the Board of Trustees of respondent Village of Lakewood setting forth that the portion of Lake Street crossing petitioners' property "shall be considered an easement to 20 East Lake Street." Based on that resolution, we conclude that the record establishes that petitioners' property has only one street side and thus does not constitute a corner lot. We therefore conclude that the ZBA's application of the setback requirements in section 25-22 to petitioners' property was unreasonable and irrational (*see Matter of Pitz v Town of Amherst Zoning Bd. of Appeals*, 198 AD2d 832 [1993]). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.