In the Matter of ALBERT P. McLIESH, Jr., Respondent, v TOWN OF WESTERN et al., Respondents, and JAMES MARQUETTE et al., Appellants. [891 NYS2d 825]—

Pursuant to section 10 (A) of the Zoning Ordinance, "[r]egulations governing lot area and lot width, front, side and rear yards[,] building coverage and building height are specified in Appendix 'A,' subject to the additional standards of this Ordinance." Section 11 of the Zoning Ordinance is entitled "Additional Area, Height and Other Regulations," and subdivision (L) (3) provides the setback requirements for accessory buildings that are not attached to principal buildings, which differ from those set forth in appendix A. The ZBA determined, however, that the setback requirements set forth in appendix A applied to accessory buildings, including petitioner's garage.

"Although a zoning board's interpretation of a zoning ordinance is entitled to deference, its interpretation is not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court" (*Matter of North White Auto v Clem*, 229 AD2d 393, 394 [1996] [internal quotation marks omitted]; *see Matter of Turner v Andersen*, 50 AD3d 1562 [2008]; *Matter of Exxon Corp. v Board of Stds. & Appeals of City of N.Y.*, 128 AD2d 289, 296 [1987], *lv denied* 70 NY2d 614 [1988]). It is well settled that a zoning ordinance must be interpreted to give effect to all of its provisions, and an

interpretation that nullifies any provision of an ordinance is irrational and unreasonable (*see Matter of Veysey v Zoning Bd. of Appeals of City of Glens Falls*, 154 AD2d 819, 821 [1989], *lv denied* 75 NY2d 708 [1990]; *Matter of Briar Hill Lanes v Town of Ossining Zoning Bd. of Appeals*, 142 AD2d 578, 581 [1988]; *see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 98 [a]). Here, the ZBA's interpretation of the Zoning Ordinance nullifies the existence of section 11 (L) (3) thereof. Also, we conclude that the ZBA's determination that any hardship suffered by petitioners was self-created is arbitrary and capricious (*cf. Matter of Ifrah v Utschig*, 98 NY2d 304, 309 [2002]; *Matter of DiPaolo v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 62 AD3d 792, 793 [2009]).

Nevertheless, we conclude that the court erred in directing the ZBA to issue the area variance, and we therefore modify the judgment accordingly. Rather, under the circumstances of this case, the court should have remitted the matter to the ZBA for a de novo determination of petitioner's application pursuant to Town Law § 267-b (3), utilizing the setback requirements set forth in section 11 (L) (3) of the Zoning Ordinance. We have considered respondents' remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.