# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

223

CA 13-01045

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF CHRISTIAN AIRMEN, INC.,
PETITIONER-RESPONDENT,

V                                           MEMORANDUM AND ORDER

TOWN OF NEWSTEAD ZONING BOARD OF APPEALS,
RESPONDENT-APPELLANT,
ET AL., RESPONDENT.

---

J. MATTHEW PLUNKETT, AHMERST, FOR RESPONDENT-APPELLANT.

DAMON MOREY LLP, CLARENCE (COREY A. AUERBACH OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Joseph
R. Glownia, J.), entered March 25, 2013 in a proceeding pursuant to
CPLR article 78. The judgment, among other things, vacated and
annulled the determination of respondent Town of Newstead Zoning Board
of Appeals denying a use variance to authorize the paving of an
existing turf runway at the Akron Airport.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: Respondent Town of Newstead Zoning Board of Appeals
(ZBA) appeals from a judgment in a special proceeding pursuant to CPLR
article 78, which annulled the ZBA's determination denying
petitioner's request for a use variance authorizing the paving of an
alternate runway at the Akron Airport, and granted the requested use
variance. We reverse the judgment and dismiss the petition based on
our conclusion that the ZBA's determination has a rational basis and
is supported by substantial evidence.

Contrary to the ZBA's initial contention, Supreme Court was not
obligated to articulate in greater detail the basis for its
determination. Rather, the judgment of the court may simply "annul or
confirm the determination in whole or in part, or modify it, and may
[also] direct or prohibit specified action by the respondent" (CPLR
7806). Although an oral or written decision by the court must "state
the facts [the court] deem[ed] essential" after it has sat as the
trier of fact (*see* CPLR 4213 [b]; *Thompson v Unczur*, 55 AD2d 818, 818-
819, *lv denied* 42 NY2d 806), there is no such requirement in a special
proceeding (*see* CPLR 7804 [a]; *see generally United Buying Serv. Intl.*

*Corp. v United Buying Serv. of Northeastern N.Y.*, 38 AD2d 75, 76-77, *affd* 30 NY2d 822).  Thus, the court's failure to set forth specific reasons for annulling the ZBA's determination is not a ground for reversal.

The ZBA's additional contention that the court was required to remit the matter to the ZBA, rather than granting petitioner's request for a use variance, is likewise without merit.  The ZBA's determination permitted "intelligent . . . review" by the court inasmuch as the determination addressed all four required components for establishing unnecessary hardship under Town Law § 267-b (2) (b) (*Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam*, 252 AD2d 913, 914; *cf. Matter of Pazera v Drexelius*, 4 AD3d 804, 805; *see generally Matter of Luburic v Zoning Bd. of Appeals of Vil. of Irvington*, 106 AD3d 824, 825) and, in reviewing the determination, the court itself was authorized to "grant the petitioner the relief to which [it was] entitled" (CPLR 7806).  Moreover, contrary to the ZBA's contention, there is no indication in the record that the court based its decision on a procedural defect in the administrative proceedings; instead, the court concluded that, as alleged in the petition, "the action taken by the [ZBA] was illegal, arbitrary, or an abuse of discretion" (*Matter of Kempisty v Town of Geddes*, 93 AD3d 1167, 1169, *lv denied* 19 NY3d 815, *rearg denied* 21 NY3d 930 [internal quotation marks omitted]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613).  We therefore see no basis for concluding that the court should have remitted the matter to the ZBA for further clarification of its determination.

We nevertheless agree with the ZBA that the court erred in annulling the determination, and in granting petitioner's request for a use variance.  Preliminarily, we conclude that there is no record support for petitioner's assertion that the alternate runway predated the enactment of the Town's first zoning ordinance.  Thus, the subject property is not the site of a prior nonconforming use, regardless whether petitioner has used it as a runway since the effective date of the Town's first zoning ordinance.  We further conclude that the ZBA properly determined that petitioner failed to prove that the denial of the variance would preclude its realizing a reasonable return on the subject property, i.e., the first component of establishing unnecessary hardship (*see* Town Law § 267-b [2] [b] [1]; *see also Matter of Vil. Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 257-258; *Matter of Conte v Town of Norfolk Zoning Bd. of Appeals*, 261 AD2d 734, 735-736).  Specifically, petitioner failed to establish that the subject land could not be successfully used for agricultural purposes, that the requested variance would have alleviated the airport's preexisting financial woes, or even that it would have to stop using the land for airport purposes and, consequently, to repay grant money, if its request to pave the alternate runway were denied.

Notably, the ZBA does not dispute that petitioner established the second component of unnecessary hardship, i.e., that "the alleged hardship related to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood" (Town Law § 267-b [2] [b] [2]).  Even assuming, arguendo, that petitioner

demonstrated the third component of unnecessary hardship, i.e., that the requested variance will not alter the essential character of the neighborhood (*see* § 267-b [2] [b] [3]), we conclude that the deeds proffered by the ZBA demonstrate that petitioner did not acquire portions of the subject property from the former owners until nearly a decade after enactment of the ordinance.  We therefore conclude that the alleged hardship is self-created and, thus, petitioner failed to establish the fourth component of unnecessary hardship (*see Matter of Carrier v Town of Palmyra Zoning Bd. of Appeals*, 30 AD3d 1036, 1038, *lv denied* 8 NY3d 807; *Matter of Aiello v Saladino*, 132 AD2d 1002, 1002; *see also* § 267-b [2] [b] [4]).

While we agree with petitioner that the ZBA "may not base its decision on generalized community objections," we do not perceive any indication in the record that the ZBA based its determination on such objections (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308).  Although we are cognizant that petitioner advances safety concerns as a rationale for seeking the use variance, we note that, "[b]ecause nonconforming uses are viewed as detrimental to zoning schemes, public policy favors their reasonable restriction and eventual elimination" (*Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 1 NY3d 561, 562).

Finally, we reject petitioner's contention that, because the ZBA allegedly granted similar use variances for the subject property in prior years, its denial of petitioner's request for the use variance herein establishes that it acted arbitrarily and in contravention of its precedent.  Rather, we conclude that the record is inadequate to establish that the ZBA "reach[ed] a different result on essentially the same facts" when it denied petitioner's request (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [internal quotation marks omitted]; *see generally Matter of Davydov v Mammina*, 97 AD3d 678, 679-680).  Specifically, the record is silent regarding the paving variance allegedly granted in 2008, and it is unclear from the record whether the 2004 and 2005 variances pertained to the specific property where the alternate runway is located.

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court