# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**754**
**CA 14-01578**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF GEORGE EASTMAN HOUSE, INC.,
ALSO KNOWN AS INTERNATIONAL MUSEUM OF PHOTOGRAPHY
AT GEORGE EASTMAN HOUSE, DOING BUSINESS AS GEORGE
EASTMAN HOUSE INTERNATIONAL MUSEUM OF PHOTOGRAPHY,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

MORGAN MANAGEMENT, LLC, MONROE VOITURE NO. 111
MEMORIAL HOME, INC., LA SOCIETE DES 40 HOMMES
ET 8 CHEVAUX, CITY OF ROCHESTER DIRECTOR OF
PLANNING AND ZONING, CITY OF ROCHESTER PLANNING
COMMISSION AND CITY OF ROCHESTER PRESERVATION
BOARD, RESPONDENTS-RESPONDENTS.

---

THOMAS H. JACKSON, VICTOR, FOR PETITIONER-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (REUBEN ORTENBERG OF COUNSEL), FOR
RESPONDENT-RESPONDENT MORGAN MANAGEMENT, LLC.

T. ANDREW BROWN, CORPORATION COUNSEL, ROCHESTER (JOHANNA F. BRENNAN OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS CITY OF ROCHESTER DIRECTOR OF
PLANNING AND ZONING, CITY OF ROCHESTER PLANNING COMMISSION AND CITY OF
ROCHESTER PRESERVATION BOARD.

CIMINELLI & CIMINELLI, PLLC, PENFIELD (PAUL VINCENT CIMINELLI OF
COUNSEL), FOR RESPONDENT-RESPONDENT MONROE VOITURE NO. 111
MEMORIAL HOME, INC., LA SOCIETE DES 40 HOMMES ET 8 CHEVAUX.

---

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered May 29, 2014 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the amended petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging, inter alia, the determination of respondent City of Rochester Planning Commission (Planning Commission) approving the application of respondent Morgan Management, LLC (Morgan), for a special permit. The special permit allows Morgan to construct an apartment building on property owned by respondent Monroe Voiture No. 111 Memorial Home, Inc., La Societe Des 40 Hommes et 8 Chevaux (Monroe

Voiture), "in association with the overall redevelopment of the property."  Petitioner is a not-for-profit corporation that owns the property adjacent to the Monroe Voiture property, which includes the George Eastman House.

We note at the outset that, although petitioner's notice of appeal states, inter alia, that it is appealing from "each and every part of" the judgment, petitioner contends on appeal only that Supreme Court erred in dismissing the second cause of action in the amended petition.  Petitioner has thus abandoned any issues with respect to the remainder of the amended petition (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Contrary to petitioner's contention, we conclude that the court properly agreed with respondents that the second cause of action should be dismissed.  Pursuant to Chapter 120, Article XVII of the Municipal Code of the City of Rochester (Code), the City of Rochester (City) established Planned Development District (PDD) No. 14, which includes the property of petitioner and Monroe Voiture.  The City's intent in establishing PDD No. 14 was "to recognize and permit a defined area for the delivery of programs and community services offered by George Eastman House and the Monroe Voiture . . . and to provide for the orderly growth and development of the properties" (Code, Ch PDD, PDD No. 14, § [A]).  A special permit is required in PDD No. 14 for "[m]ultifamily dwellings in newly constructed buildings" (*id*. at § [C] [1]).  Morgan applied for a special permit for the construction of a three- and four-story, 99-unit multifamily apartment building.  The application further stated that the proposed project would include, inter alia, the renovation and rehabilitation of the existing clubhouse on the Monroe Voiture property.  Following a hearing, the Planning Commission found that the proposed project met the City's standards for approval of a special permit (*see* Code § 120-192 [B] [3] [a] [1]), including that the proposed project would be in harmony with the goals, standards and objectives of the City's Comprehensive Plan.  Petitioner commenced this proceeding and the court, inter alia, dismissed petitioner's second cause of action seeking to annul the Planning Commission's determination.  We affirm.

The Planning Commission's "determination 'should be sustained upon judicial review if it was not illegal, [had] a rational basis, and [was] not arbitrary and capricious' " (*Matter of Kearney v Kita*, 62 AD3d 1000, 1001, *lv denied* 13 NY3d 716; *see Matter of Kempisty v Town of Geddes*, 93 AD3d 1167, 1169, *lv denied* 19 NY3d 815, *rearg denied* 21 NY3d 930; *Matter of McLiesh v Town of Western*, 68 AD3d 1675, 1676).  With respect to the determination granting the application for a special permit, we note at the outset that "[t]he inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243).  Thus, "once it is shown that the contemplated use is in conformance with the conditions imposed, the special use permit must be granted unless there are reasonable grounds for its denial, supported by substantial evidence" (*Matter of Sunrise Plaza Assoc. v*

*Town Bd. of Town of Babylon*, 250 AD2d 690, 693, *lv denied* 92 NY2d 810).

We agree with petitioner that the purpose and intent of PDD No. 14 was relevant to the Planning Commission's evaluation of Morgan's application for the special permit.  We reject petitioner's further contention, however, that the Planning Commission failed to consider whether Morgan's special permit application was in harmony with the purpose and intent of PDD No. 14 when it approved the application. The Planning Commission considered that, in addition to the construction of a multifamily apartment building, the proposed project included renovation of the clubhouse, allowing for the continuance and expansion of the programs and community services offered by Monroe Voiture.  In addition, the Planning Commission found that the proposed project as a whole would fulfill the purpose and intent of PDD No. 14. Contrary to petitioner's contention, the Planning Commission was not required to consider the apartment building apart from the improvements to the existing property in determining whether the application was consistent with the purpose and intent of PDD No. 14. Although the new construction of a multifamily dwelling triggered the special permit process, the Planning Commission was entitled to consider the apartment building in the context of the overall redevelopment of the Monroe Voiture property.  Moreover, the evidence before the Planning Commission established that the application for a special use permit for the construction of a multifamily dwelling on the property would directly affect the renovation of the deteriorating clubhouse and Monroe Voiture's ability to continue and enhance its operations.  Thus, we agree with the court that the Planning Commission's approval of Morgan's application for a special permit was not illegal, irrational, or arbitrary and capricious.

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court