Matter of Save Monroe Ave., Inc. v Town of Brighton (2023 NY Slip Op 03116)

Matter of Save Monroe Ave., Inc. v Town of Brighton

2023 NY Slip Op 03116

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

252 CA 22-00164

[*1]IN THE MATTER OF SAVE MONROE AVE., INC., 2900 MONROE AVE., LLC, CLIFFORDS OF PITTSFORD, L.P., ELEXCO LAND SERVICES, INC., JULIA D. KOPP, MARK BOYLAN, ANNE BOYLAN, AND STEVEN M. DEPERRIOR, PETITIONERS-APPELLANTS,
v
TOWN OF BRIGHTON, NEW YORK OFFICE OF THE BUILDING INSPECTOR, RAMSEY BOEHNER, IN HIS CAPACITY AS BUILDING INSPECTOR, TOWN OF BRIGHTON, NEW YORK ZONING BOARD OF APPEALS, TOWN OF BRIGHTON, NEW YORK, DANIELE MANAGEMENT, LLC, DANIELE SPC, LLC, MUCCA MUCCA, LLC, MARDANTH ENTERPRISES, INC., AND M & F LLC, RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 

HODGSON RUSS LLP, BUFFALO (AARON M. SAYKIN OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
WEAVER MANCUSO BRIGHTMAN PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS TOWN OF BRIGHTON, NEW YORK OFFICE OF THE

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 3, 2022 in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondents the Town of Brighton, New York, the Town of Brighton, New York Office of the Building Inspector, and Ramsey Boehner, in his capacity as Building Inspector (collectively, Town), to issue a building permit and the determination of respondent the Town of Brighton, New York Zoning Board of Appeals (ZBA) denying petitioners' appeal of that determination. The amended petition asserted three causes of action alleging violations of certain provisions of the Brighton Town Code for issuing a building permit that allowed construction of a building larger than approved in the site plan (first cause of action), without sufficient cross-access easements (second cause of action), and that allowed phased construction lasting longer than 18 months (third cause of action). The amended petition also asserted a fourth cause of action alleging a violation of the Open Meetings Law (Public Officers Law art 7). Petitioners appeal from a judgment that dismissed their amended petition.
Petitioners contend that Supreme Court erred in dismissing the first cause of action inasmuch as the issuance of a building permit authorizing construction of a building at least 130 square feet larger than the site plan approval allowed violated the requirement in the Brighton Town Code that "[n]o building permit shall be issued for any building subject to site plan approval by the Planning Board, or subject to review by the Architectural Review Board, except in conformity with the plans approved by either or both of the said Boards as appropriate" (§ 225-3 [B]). We reject that contention. The ZBA determined that the building permit was "in conformity" with the site plan approval, explaining that the Code permits minor deviations from an approved site plan where the size of the project as a whole does not exceed the approved site plan and meets all the setback and other requirements. A zoning board's interpretation of its governing code is generally entitled to deference by the courts (see Matter of Fox v Town of Geneva Zoning Bd. of Appeals, 176 AD3d 1576, 1577 [4th Dept 2019]; Matter of McLiesh v Town of Western, 68 AD3d 1675, 1676 [4th Dept 2009]; see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]), and must be sustained where, as here, "the interpretation is neither irrational, unreasonable nor inconsistent with the governing [code]" (Fox, 176 AD3d at 1577 [internal quotation marks omitted]).
We agree with petitioners that the court erred in determining that their second and third causes of action, seeking to annul the determinations because they allowed construction without sufficient cross-access easements and phased construction lasting longer than 18 months, are barred by collateral estoppel. "Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Lowes v Anas, 195 AD3d 1579, 1580 [4th Dept 2021] [internal quotation marks omitted]). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704 [2015]). Here, although there is no dispute that petitioners litigated the issues raised in the second and third causes of action in a prior proceeding, resulting in an interlocutory order, that prior order does not have preclusive effect here because petitioners have thus far been "prevented . . . from obtaining appellate review" (Morley v Quinones, 208 AD2d 813, 814 [2d Dept 1994]; see Williams v Moore, 197 AD2d 511, 513 [2d Dept 1993]; Zangiacomi v Hood, 193 AD2d 188, 195 [1st Dept 1993]).
We nevertheless conclude that the court properly dismissed the second and third causes of action inasmuch as they lack merit. With respect to the merits of the second cause of action, petitioners contend that the Town improperly issued the building permit because respondents Daniele Management, LLC, Daniele SPC, LLC, Mucca Mucca, LLC, Mardanth Enterprises, Inc., and M & F LLC provided easements required by the incentive zoning approval that were defective due to the possibility of third-party challenges to the easements. We reject that contention. The Town was required to determine whether the application for the building permit "complie[d] with the municipality's standards and conditions contained in the zoning ordinance" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 432 [2004]), and it did so. The Town was not required to determine whether any third parties might assert conflicting rights in the future (see generally Matter of Friends of Shawangunks v Knowlton, 64 NY2d 387, 392 [1985]; People ex rel. Rosevale Realty Co., Inc. v Kleinert, 204 App Div 883, 883 [2d Dept 1922], appeal dismissed 236 NY 605 [1923]).
With respect to the merits of the third cause of action, petitioners contend that the building permit was improperly issued because it violated requirements in the incentive zoning approval and State Environmental Quality Review Act (SEQRA) findings statement that anticipated single-phase construction with separate components and projected time frames of 18 months and 24 months. We likewise reject that contention. The determination of the ZBA that the issuance of the building permit was consistent with the anticipated phasing "has a rational basis and is supported by substantial evidence" (Matter of HoliMont, Inc. v Village of Ellicottville Zoning Bd. of Appeals, 112 AD3d 1315, 1315 [4th Dept 2013] [internal quotation marks omitted]; see generally Pecoraro, 2 NY3d at 613; Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1428-1429 [4th Dept 2017]).
Contrary to petitioners' further contention, the court did not err in dismissing the fourth cause of action, which alleges that the ZBA violated the Open Meetings Law. A court has "the [*2]power, in its discretion, upon good cause shown," to void any action taken by a public body in violation of the Open Meetings Law (Public Officers Law § 107 [1]; see Matter of New York Univ. v Whalen, 46 NY2d 734, 735 [1978]), but "[a]n unintentional failure to fully comply with the notice provisions . . . shall not alone be grounds for invalidating any action taken at a meeting of a public body" (§ 107 [1]; see Matter of Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1498 [4th Dept 2018]). Here, any violation amounted to "mere negligence" that did not rise to the level of good cause for invalidating the ZBA's determination (Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y., 72 AD3d 960, 962 [2d Dept 2010]; see Fichera, 159 AD3d at 1498). Inasmuch as petitioners were not "the successful party" as to this cause of action, the court properly declined to award attorneys' fees (§ 107 [2]; see generally Matter of Gordon v Village of Monticello, 87 NY2d 124, 127-128 [1995]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court